In the matter of THE NEW JERSEY TITLE GUARANTEE AND TRUST COMPANY, in liquidation.

LOUISE E. PERRY, ELIZABETH H. SCHUMANN et al., appellants,

*v.*

EUGENE E. AGGER, Commissioner of Banking and Insurance, respondent.

[Argued June 25th, 1943. Decided September 24th, 1943.]

*Mr. Harry Lane* and *Mr. Alfred R. Becker,* for the appellants.

*Mr. John P. Nugent,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The appeals are from an interlocutory order dated November 30th, 1942, referring to a special master the task of taking testimony as to the value of certain assets of the defunct corporation, which were specially pledged to secure moneys owing from the corporation to a class of creditors which includes the appellants, to the end that it be determined whether the specific assets are sufficient to satisfy the claims of these creditors, or are insufficient and, if so, to what extent. The order prescribed that the "value" of the assets in question "is to be the fair value as of February 14th, 1939," the date when affairs of the corporation were taken over by the Commissioner of Banking and Insurance.

The order is predicated upon the so-called "bankruptcy rule" which we have expressly declared to be applicable in the case of this very corporation. *Prasher* v. *New Jersey Title, &c., Co., 130 N. J. Eq. 102;* affirmed in *Id. 391.* That rule requires a secured creditor desiring to participate in the general fund available for creditors "first to exhaust his security and credit the proceeds on his claim, or to credit its value upon his claim and prove for the balance, it being optional with him to surrender his security and prove for his full claim," *page 395.* Appellants are unwilling to surrender the security, and desire "to exhaust the security and credit the proceeds on the claim." They object to a mere appraisement of the security in a judicial proceeding, looking toward an ascertainment by expert testimony of a valuation existing in February, 1939, nearly four years prior to the order appealed from, which is dated November 30th, 1942.

The securities pledged consist of bonds and mortgages covering various parcels of real estate. These, with other securities not pledged, were taken over by the Commissioner of Banking and Insurance in 1939. The appellants applied to the Court of Chancery to direct their proportionate share of interest and principal payments made on the mortgages to be paid over to them. The Commissioner filed a counter-petition, July 31st, 1939, alleging "that because of the present general real estate market, many years will elapse before said mortgages can be liquidated and the loss to the several certificate holders determined" and that to delay the matter until that time will jeopardize the rights of creditors and certificate holders; and praying an appraisal of the pledged securities as of February 14th, 1939. Order was made, as above, for the taking of testimony as to the values on that date.

We consider that appellants were legally aggrieved by the order. They do not dispute the "bankruptcy rule," but the claim is that it does not support the order under review; and we deem the claim well founded. The rule gives to the creditor the option either (a) to exhaust his security and credit the proceeds on the claim, proving the deficiency if any as a general creditor: or (b) credit the value of the security on the claim and prove for the difference. As we view the matter, the security may be "exhausted" only by conversion into money by payment or sale: and the choice of that course or the alternative of valuation is the right of the creditor and not that of the court or of the Commissioner, who is essentially a receiver.

The appellants express willingness to have a sale, and unwillingness to have a valuation. They have therefore exercised their option: and that exercise is controlling on the court and the Commissioner.

These views lead to a reversal of the order under appeal. We have not considered chapter 80 of the statutes of 1941 (*P. L. p. 190*) in connection with the present appeal. It was not invoked by either side either in the argument or in the briefs; and in our judgment it is not applicable to the situation presented in this case.

No. 208—

*For affirmance*—None.

*For reversal*—PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

No. 209—

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.